UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| OTIS YOUNG, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GEO GOUP INC., et al. )<br>)<br>Defendants. ) | No. 1:20-cv-02328-TWP-MPB |

**Order Screening Complaint and Granting Motion for Receipt**

Plaintiff Otis Young filed this 42 U.S.C. § 1983 action alleging that the defendants were deliberately indifferent to the pain caused by an injured ankle.

### I.  Screening Standard

Because Mr. Young is a prisoner, the Court must screen his complaint, dismissing any and all claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)−(c). In determining whether a complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints like Mr. Young's are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.     The Complaint

The complaint names seven defendants: (1) GEO Group Inc., (2) Ms. Winningham, (3) Neal Fetz, (4) Jennifer Smith, (5) Warden Keith Butts, (6) Dr. Cabrea, and (7) Officer Temple.

In his complaint, Mr. Young alleges that he injured his ankle on September 6, 2018. He was issued Tylenol and an Ace bandage and scheduled to visit the medical provider. He was also instructed to ice the ankle.

Back in his cell, Mr. Young requested ice from Officer Temple, but Officer Temple refused to provide it.

On September 10, Mr. Young filed a grievance for failure to provide medication. Ms. Smith, a grievance specialist, refused to submit the grievance. Mr. Young began receiving medication on September 14.

Also on September 10, Mr. Young filed a grievance based on Officer Temple's failure to provide him with ice. Ms. Winningham and Ms. Smith "failed to investigate the issue" and denied the grievance.

On September 11, Dr. Cabrea treated Mr. Young and diagnosed him with a torn ligament and high ankle sprain. Dr. Cabrera applied a cast and stated that he would follow up to monitor Mr. Young's progression. But he did not follow up, and Mr. Young eventually removed his own cast.

On December 19, 2018, Mr. Young filed a "notice of tort," which Mr. Fetz denied. Mr. Young complained to Warden Butts about the denial, but the warden took no action.

## III.     Discussion

Mr. Young's claim against Dr. Cabrea **shall proceed** as a claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment. His claim against Ms. Smith for

failing to process a grievance claiming denial of medication likewise **shall proceed** as a claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment.

Mr. Young's claim against Officer Temple is **dismissed** for failure to state a claim upon which relief may be granted. The Eighth Amendment protects inmates from cruel and unusual punishment, which includes deliberate indifference to serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 836 (1991); *Conley v. Birch*, 796 F.3d 742, 746 (7th Cir. 2015). To state a claim for relief under the Eighth Amendment, Mr. Young must allege that he suffered from an "objectively serious medical condition," and that the defendant was "aware of the condition and knowingly disregarded it." *Ortiz v. Webster*, 655 F.3d 731, 734 (7th Cir. 2011). According to the complaint, Officer Temple declined to provide Mr. Young with ice during one shift at some point after Mr. Young's injury. These allegations, even taken as true, are not enough to state a claim of deliberate indifference.

Mr. Young's claim against Ms. Willington is **dismissed** for failure to state a claim upon which relief may be granted. The complaint alleges that Ms. Willington improperly denied Mr. Young's grievance against Officer Temple. But "the Constitution does not require that jails or prisons provide a grievance procedure at all, nor does the existence of a grievance procedure create a constitutionally guaranteed right." *Daniel v. Cook Cnty.*, 833 F.3d 728, 736 (7th Cir. 2016). And Ms. Willington's denial of a grievance did not demonstrate deliberate indifference to a serious medical need. The grievance alleged only that Officer Temple had failed to provide ice. There was no ongoing harm for Ms. Willington to help remedy.

For similar reasons, Mr. Young's claims against Mr. Fetz and Warden Butts are **dismissed** for failure to state a claim upon which relief may be granted. Mr. Fetz denied Mr. Young's tort claim, and Warden Butts did not respond to Mr. Young's letter complaining about the grievance

process. Mr. Young has no constitutional right to these processes, and he cannot bring a constitutional claim based solely on the defendants' alleged failures to implement them. *Daniel*, 833 F.3d at 736.

Finally, Mr. Young's claims against GEO Group are **dismissed** for failure to state a claim upon which relief may be granted. The complaint alleges that GEO Group is liable for its employee's actions. But "[r]espondeat superior liability does not apply to private corporations under §1983." *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). To state a § 1983 damages claim against GEO Group, Mr. Young must allege that a policy, practice, or custom of Wexford caused a constitutional violation. *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016). He makes no such allegation, so he has failed to state a viable claim.

## IV. Further Proceedings

Mr. Young's motion for receipt, dkt. [8], is **granted** to the extent that the **clerk is directed** to mail a copy of the October 2, 2020, receipt for Mr. Young's payment of $41.10 to him with his copy of this order.

The **clerk is directed** to terminate GEO Group Inc., Ms. Winningham, Neal Fetz, Warden Keith Butts, and Officer Temple as defendants on the docket.

The **clerk is directed** to issue service to defendants Dr. Cabrea and Jennifer Smith. *See* Fed. R. Civ. P. 4(c)(3), 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

Dr. Cabrea is identified as a Wexford employee. Wexford is **ordered** to provide to the court the full name and last known home address of any defendant who does not waive service if

they have such information. This information may be provided to the court informally or may be filed ex parte.

**IT IS SO ORDERED.**

Date:  12/10/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

OTIS YOUNG, JR.
188201
NEW CASTLE – CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Dr. Cabrea
Medical Staff
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Jennifer Smith
Grievance Specialist
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Electronic service to Wexford of Indiana, LLC