UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| OTIS YOUNG, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-02328-TWP-MPB |
| ) | |
| JENNIFER SMITH, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Denying Plaintiff's Motion for Counsel and
Granting Plaintiff's Motion to Proceed on Original Complaint**

Plaintiff Otis Young, Jr., filed this civil rights action alleging that the defendants were deliberately indifferent to the pain caused by an injured ankle. This Court screened the complaint, and the defendants have answered. Before screening, Mr. Young filed a motion to appoint counsel. He has also filed a motion for leave to proceed on his original petition.

**I.     Motion to Proceed on Original Complaint**

On January 5, 2021, Mr. Young filed motion asserting that he wishes to proceed on his original complaint and not his amended complaint. Dkt. 21. The Court has received no such amended complaint. However, Mr. Young's motion, dkt. [21], is **granted** to the extent that this action shall proceed on the original complaint. If the Court receives an amended complaint from Mr. Young dated before January 5, 2021, it will be stricken.

**II.     Motion to Appoint Counsel**

As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having

a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc)). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation.

The Court has prepared a form motion for indigent litigants to use when asking for help recruiting counsel. The form requests the information necessary for the Court to assess the merits of the motion and requires the litigant to acknowledge important conditions of the appointment of counsel.

Mr. Young's motion for appointment of counsel, dkt. [9], is **denied without prejudice** because it provides neither sufficient information to make a merits determination nor an acknowledgement of the conditions of the appointment of counsel. Mr. Young may renew his motion for the appointment of counsel by filling out the form motion for assistance with recruiting counsel included with his copy of this Order.

The **clerk is directed** to send the plaintiff a motion for assistance recruiting counsel form with his copy of this Order.

**IT IS SO ORDERED.**

Date:   2/9/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

OTIS YOUNG, JR.
188201
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com

Rachel D. Johnson
KATZ  KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com