UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| OTIS YOUNG, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-02328-TWP-MPB |
| | ) |
| JENNIFER SMITH, and CABREA, Dr., in their individual and official capacities, | ) ) ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

This matter is before the Court on Motions for Summary Judgment filed by Defendant Mark Cabrea ("Dr. Cabrea") (Dkt. 42), and Jennifer Smith ("Ms. Smith") (collectively, "Defendants") (Dkt. 46). Plaintiff Otis Young, Jr. ("Mr. Young") brought this action alleging that the Defendants were deliberately indifferent to his knee injury when he was in Indiana Department of Correction custody at New Castle Correctional Facility ("New Castle"). Mr. Young did not respond. Because no reasonable jury would find from the undisputed facts that either Defendant was deliberately indifferent to Mr. Young's condition, both Motions for summary judgment are **granted**.

**I. STANDARD OF REVIEW**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Federal Rule of Civil Procedure 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the

nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

In this case, the Defendants have met that burden through their unopposed motions for summary judgment. Because Mr. Young failed to respond to the summary judgment motions, facts alleged in the motions are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II. UNDISPUTED FACTS

Mr. Young injured his ankle while playing basketball at New Castle on September 6, 2018. When he visited the prison medical unit, a nurse assessed the ankle and provided Mr. Young with an ACE wrap to stabilize it. The nurse also provided ice packs and directed custody staff to give him more as needed. The nurse directed Mr. Young to ice, elevate, wrap, and rest the ankle.

Mr. Young filed two grievances on September 10, 2018, complaining about the care being provided for his ankle. (Dkt. 48-3 at 14; Dkt. 48-4 at 3.) Ms. Smith, a grievance specialist at New Castle, sought information both from nursing and custody staff. (Dkt. 48-3 at 7−12; Dkt. 48-4 at 6.) Upon receiving and reviewing the staff responses, Ms. Smith denied both grievances. (Dkt. 48-3 1; Dkt. 48-4 at 1.)

Dr. Cabrea treated Mr. Young on September 11, 2018. He assessed the ankle and concluded the injury was likely a ligament tear or strain. Mr. Young's leg was put in a cast, and Dr. Cabrea ordered a follow-up x-ray, plus Mobic and Tylenol for pain relief. Dr. Cabrea advised Mr. Young to contact the medical department if he began experiencing additional issues. Mr. Young had active prescriptions for Mobic, Tylenol, and Cymbalta for pain relief from September through November 2018. Dr. Cabrea did not have further contact with Mr. Young after September 2018.

## III. DISCUSSION

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on the states, through the Fourteenth Amendment, "to provide adequate medical care to incarcerated individuals." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical

need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

For the purposes of this Motion, the Court assumes that Mr. Young's ankle injury was a serious medical need. To survive summary judgment then, Mr. Young must show that the Defendants acted with deliberate indifference—that is, that they consciously disregarded a serious risk to Mr. Young's health. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Deliberate indifference requires more than negligence or even objective recklessness. *Id*. Mr. Young "must provide evidence that an official actually knew of and disregarded a substantial risk of harm." *Id*.

Because Dr. Cabrea was a medical provider while Ms. Smith was not, the Eighth Amendment standard applies slightly differently to each of them. The Court addresses each defendant's actions in turn.

### A.     Dr. Cabrea

"[M]edical professionals rarely admit that they deliberately opted against the best course of treatment. So in many cases, deliberate indifference must be inferred from the propriety of their actions." *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 241 (7th Cir. 2021) (internal citations omitted). The Seventh Circuit has "held that a jury can infer deliberate indifference when a treatment decision is 'so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment.'" *Id.* (quoting *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006)). But where the evidence shows that a decision was based on medical

4

judgment, a jury may not find deliberate indifference, even if other professionals would have handled the situation differently. *Id.* at 241−42.

No reasonable jury could find based on the undisputed facts that Dr. Cabrea was deliberately indifferent to Mr. Young's condition. Based on his diagnosis of a ligament tear or strain, Dr. Cabrea ordered follow-up x-rays and pain medication. Mr. Young points to no evidence from which a jury could conclude that either Dr. Cabrea's diagnosis or his treatment plan was outside the range of accepted professional standards. Dr. Cabrea is therefore entitled to summary judgment.

### B.    Ms. Smith

A prison official may violate the Eighth Amendment by intentionally disregarding a known, objectively serious medical condition that poses an excessive risk to the prisoner's health. *Perez v. Fenoglio*, 792 F.3d 768, 777−78 (7th Cir. 2015). A non-medical prison official may be deliberately indifferent when the official "knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Id.* at 781 (cleaned up). However, "if a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Giles v. Godinez*, 914 F.3d 1040, 1050 (7th Cir. 2019).

Ms. Smith did not turn a blind eye to Mr. Young's condition. Upon receiving his grievances, she investigated his allegations by soliciting information from both medical and non-medical staff. Mr. Young points to no evidence that Ms. Smith unreasonably relied on the medical professionals' assessment of his condition or the appropriate treatment. She is therefore entitled to summary judgment.

## IV. CONCLUSION

Dr. Cabrea's Motion for Summary Judgment, Dkt. [42], and Ms. Smith's Motion for Summary Judgment, Dkt. [46], are **GRANTED**. This Order resolves all remaining claims in the action. Final judgment shall now enter.

**SO ORDERED.**

Date: 8/10/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Otis Young, Jr.
1509 West Harrison Street
Plymouth, Indiana 46563

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com

Douglass R. Bitner
STOLL KEENON OGDEN PLLC
doug.bitner@skofirm.com

Rachel D. Johnson
STOLL KEENON OGDEN PLLC
rachel.johnson@skofirm.com